**THOMPSON v. TERMINAL SHARES,**
Inc., et al. (two cases).
Nos. 11382, 11383.

Circuit Court of Appeals, Eighth Circuit.
May 18, 1939.

Rehearing Denied June 12, 1939.

10

R. B. Caldwell, of Kansas City, Mo., and J. Porter Henry, of St. Louis, Mo. (John W. Oliver, of Kansas City, Mo., on the brief), for appellant.

Godfrey Goldmark, of New York City (Henry N. Ess and Elton L. Marshall, both of Kansas City, Mo., and Max Freund, of New York City, on the brief), for appellee Guaranty Trust Co. of New York.

William B. Cockley, of Cleveland, Ohio, Lon O. Hocker, of St. Louis, Mo., and Arthur L. Dougan, of Cleveland, Ohio, for appellees Terminal Shares, Inc., Alleghany Corporation and O. P. Van Sweringen.

Jacob M. Lashly, of St. Louis, Mo., for appellees Leonard P. Ayres, Alva Bradley, John Sherwin, Jr., and George A. Tomlinson.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

This is an action at law brought by the appellant in the United States District Court for the Eastern District of Missouri, as a court of bankruptcy, in and as ancillary to the Matter of Missouri Pacific Railroad Company, debtor, a proceeding for the reorganization of a railroad under Section 77 of the Bankruptcy Act, Act of March 3, 1933, c. 204, 47 Stat. 1474; Act of Aug. 27, 1935, c. 774, 49 Stat. 911; Act of June 26, 1936, c. 833, 49 Stat. 1969, Tit. 11, U.S.C. § 205, 11 U.S.C.A. § 205. From orders vacating the service of process upon the defendants and setting aside the order authorizing service, these appeals are taken.

The defendants are persons and corporations alleged to be indebted to the appellant in the sum of $3,200,000, with interest, on account of payments made by the debtor to Guaranty Trust Company of New York, prior to the filing of the petition for reorganization, under four allegedly illegal contracts, by the terms of which the Missouri Pacific Railroad Company agreed to purchase from Terminal Shares, Inc., shares of the capital stock and other obligations of certain Missouri corporations not present in the Eastern Judicial District of Missouri. The prayer of the petition is for a money judgment against each and all of the defendants.

None of the defendants was a resident or inhabitant of the Eastern District of Missouri. All of them were served with process outside of the District, pursuant to an order of the court of bankruptcy. None of them had appeared in the reorganization proceedings, nor had any of them consented to the jurisdiction of the court. All of them appeared specially and moved to set aside the service of process and to vacate the order authorizing it. Their motions were granted.

The contention of the appellant that the court of bankruptcy had jurisdiction of the subject matter of this plenary action at law and of the persons of the defendants is based upon the same arguments which were made in the companion cases of Thompson, Trustee, v. Terminal Shares, Inc. et al., 8 Cir., 104 F.2d 1, which were argued and submitted to this Court at the same time. Our opinion, filed this day, in those cases rules this case.

The orders appealed from are affirmed.